[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
After a full hearing, based on a preponderance of the credible, relevant and legally admissible evidence and the reasonable, rational, logical and lawful inference to be drawn therefrom, the court finds, determines and rules as follows:
1. The defendant, Nason Group, LLC, (Nason) is the owner of a parcel of land known as Chatham Lake Subdivision.
2. The defendant, Chatham Lake Acquisition, LLC, (Chatham) loaned Nason $2,500,000 for acquisition and construction costs associated with improving the parcel.
3. To secure the loan, Nason granted to Chatham a mortgage, on the property, dated February 22, 1994.
4. Said mortgage was recorded on February 24, 1994 in Vol. 196, page 177 of the Haddam Land Records.
5. The plaintiff, Empire Paving Inc. (Empire) rendered services in the construction of and improvements to the infrastructure of Chatham pursuant to a written agreement with Nason, dated February 22, 1994.
6. Empire began work on the project on or about April 1, 1994.
7. A letter; dated January 26, 1994, was sent by Kennedy Funding to Empire stating that there was funding for the project.
8. Empire utilized said letter to obtain a bond for the project.
9. Empire ceased work on the project on December 30, 1994.
10. On March 21, 1995, Empire filed a mechanics lien against the subject property. Said lien is recorded in Vol. 201, page 508 of the Haddam Land Records. CT Page 702
11. Said mechanics lien certifies that Empire stated that it began work on the project on April 1, 1994 and ceased work on December 30, 1994.
12. The plaintiff commenced this foreclosure of mechanics lien on or about March 11, 1996 and in the complaint, the plaintiff claims, in paragraph 3, that, "the plaintiff commenced performing said construction and improving on April 1, 1994 and ceased performing on December 30, 1994."
13. The plaintiff did not file an Amended Complaint prior to the close of evidence.
14. The court expressly finds that the plaintiff did not begin work or furnish material in the construction or improvement of the premises prior to the recordation of the plaintiff's mortgage.
15. Chatham's mortgage is prior in right to the plaintiff's mechanics lien.
In sum, the court, based on the more credible evidence, finds, as a matter of fact, that the plaintiff did not commence work or deliver materials to the premise prior to April 1, 1994.
Further, the court concludes as a matter of law, that the plaintiff by judicial admission in paragraph 3 of its complaint discloses that it commenced work or furnished material on April 1, 1994. Judicial admissions are voluntary and knowing concessions of fact by a party received during judicial proceedings. Kanopka v. Kanopka, 113 Conn. 30, 38-39 (1931). The most common examples of judicial admissions are those contained in the pleadings. Dreier v. The Upjohn Company, 196 Conn. 242,247 (1984). Factual allegations contained in the pleadings upon which a cause is tried are considered judicial admissions and hence irrefutable as long as they remain in the case. Id. 247.
Accordingly, the court rules that the defendant, Chatham's mortgage is prior in right to the plaintiffs mechanics lien. If the plaintiff wishes to proceed with its foreclosure of its mechanics lien, the defendant's interest will be subject to the Chatham mortgage.
An order may enter declaring the Chatham mortgage prior in right to the plaintiff's mechanics lien. CT Page 703
SPALLONE JUDGE TRIAL REFEREE